RECEIVED

FEB 1 9 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 96-60031-03 |
| VERSUS | JUDGE DOHERTY |
| NORWOOD JOHNSON | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

This Court is in receipt of defendant's Motion for Retroactive Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. §3582 and Motion to Appoint Counsel [Doc. 980]. Defendant seeks the application of Amendment 706 (as amended by Amendment 711), which recently amended the Sentencing Guidelines regarding crack cocaine effective November 1, 2007. U.S.S.G. App. C, Amends. 706, 711. Defendant requests that Amendment 706 be applied retroactively to his sentence imposed on November 24, 1999 [Doc. 786], and that he be appointed counsel in prosecution of the motion. The United States has filed a response, requesting that the motion be denied as premature or that the case be stayed considering that the *retroactive* effect of the amendment does not take place until March 3, 2008, and on grounds that the government needs additional time to research defendant's eligibility for the application of the amendment to his sentence. [Doc. 151].

This Court notes the sentencing guidelines with respect to crack cocaine were, indeed, revised on November 1, 2007. Although the amendments are to be applied retroactively, the government is correct that the retroactive effect on sentences already imposed does not take effect until March 3, 2008.

This Court has been in contact with the Office of Probation, which is currently in the process

of cataloging the individuals currently incarcerated whose sentences are affected by the new amendments. Specifically, the Office of Probation is currently obtaining necessary information concerning the affected individuals' post-sentencing conduct, as well as the impact of a sentencing modification on the interest of public safety in each individual case, as required pursuant to the policies of the United States Sentencing Commission. Until the Court receives this information, it can make no modification to defendant' sentence. Additionally, no modification may be made prior to March 3, 2008.

Additionally, this Court notes the Office of the Federal Public Defender has been assigned to represent litigants previously represented by the Federal Public Defender at their initial hearings who now bring motions pursuant to the amended guidelines. Therefore, should the defendant choose to re-urge his motion at a later date, it will be unnecessary for him to file a motion for appointment of counsel if he was previously represented by the Office of the Federal Public Defender at his initial hearing. If he was not represented by the Federal Public Defender, he should complete the necessary request for representation.

Considering the foregoing, and it appearing that the government's position is well-supported,

IT IS ORDERED THAT defendant's Motion for Retroactive Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. §3582 and Motion to Appoint Counsel [Doc. 980] is DENIED WITHOUT PREJUDICE as premature. After March 3, 2008, defendant will be entitled to re-urge his motion. Once the defendant files a timely motion for reduction of sentence, and once this Court has received an amended Presentence Investigation Report that contains the information regarding post-sentencing conduct and the impact on public safety, this Court will take defendant's motion under advisement.

IT IS FURTHER ORDERED THAT the Clerk of Court mail a copy of this Memorandum

Ruling and Order to Rebecca Hudsmith, Office of the Federal Public Defender, and that Ms. Hudsmith advise defendant of the information contained herein.

Lafayette, Louisiana, this 19 day of February, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE